UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.   8:08-cr-203T-23TBM
                                                                         8:10-cv-685-T-23TBM

JEREMIAH L. CARSON

                                              /

**O R D E R**

Jeremiah L. Carson moves (Doc. 39) under Rule 59(e), Federal Rules of Civil Procedure, to alter or amend the judgment (Doc. 38), entered on March 31, 2014, denying as time-barred Carson's Section 2255 motion to vacate. Carson challenges the applicability of *Natson v. United States*, 494 Fed. App'x 3 (11th Cir. 2012)[1] and repeats the arguments in his motion to vacate.[2]

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The decision to alter or amend a judgment pursuant to Rule 59(e) "is committed to the

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

[2] *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), requires a district court to resolve all claims for relief raised in a Section 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). Carson argues that *Clisby* requires a merits review of each ground presented in his motion to vacate despite their untimeliness. Contrary to Carson's contention, because the motion to vacate is time-barred, no *Clisby* violation occurred. *See Nguyen v. United States*, 420 Fed. App'x 875, 878 (11th Cir. 2011) (finding that, because the district court found each claim in Nguyen's Section 2255 motion to vacate untimely or, alternatively, procedurally barred, the district court resolved each claim in the motion and no *Clisby* violation occurred).

sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "[A] Rule 59(e) motion [cannot be used] to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).  Carson's Rule 59(e) motion repeats the arguments presented in his Section 2255 motion to vacate.  Carson neither asserts an intervening change in controlling law nor demonstrates a manifest error of law or fact resulting from the denial of his Section 2255 motion. *See Arthur v. King*, 500 F.3d at 1343.  Accordingly, Carson's Rule 59(e) motion (Doc. 39) is **DENIED**.

ORDERED in Tampa, Florida, on May 23, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE